United States District Court
Southern District of Texas
**ENTERED**
October 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID EDWARD KENJALO, *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-05910 |
| FIFTH THIRD BANK, N.A., *Defendant*. | § | |

**MEMORANDUM AND RECOMMENDATION**

This case involving the repossession of a vehicle is before the Court on Defendant's Motion to Dismiss.[1] ECF 14. Having considered the parties' submissions, including Plaintiff's late-filed Response (ECF 16-2), the Court recommends that Defendant's Motion be GRANTED.

## I. Background

On September 27, 2024, Plaintiff purchased a 2020 Ram truck on credit. ECF 1 ¶5. He did not comply with his payment obligations and Defendant, the assignee of the debit, repossessed the truck on or about September 10, 2025. *Id.* ¶¶ 6-10. On September 22, 2025, Plaintiff filed a Complaint in federal court asserting eight causes of action and alleging that Defendant wrongfully repossessed the truck.

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 15.

*Kenjalo v. Fifth Third Bank, N.A.*, Civil Action 4:25-cv-4510 (ECF 1). United States District Judge David Hittner dismissed the Complaint on November 13, 2025 because "construing Kenjalo's Complaint liberally, the Court finds no independent claim asserted against Fifth Third Bank regarding the actual contractual relationship between the parties in this case, or excusing Kenja[l]o's failure to make timely payments for the Vehicle."[2] *Id.*, ECF 10 at 5. Plaintiff did not appeal the dismissal of Civil Action No. 4:25-4510 and his time to do so has expired.

Plaintiff filed his Complaint against Defendant in this case on December 9, 2025. ECF 1. This case involves the same loan and the same truck and asserts many of the same claims as Plaintiff's prior federal case. *Id.* Therefore, Defendant moves to dismiss to dismiss this case based on res judicata and alternatively for failure to state a claim. The Court granted Plaintiff leave to file a late Response (ECF 16-2; ECF 19) and the matter is ripe for disposition.

## II. Legal Standards

### A. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

---

[2] Judge Hittner noted that allegations in Plaintiff's Complaint were "consistent with litigants who subscribe to 'sovereign citizen' legal theories." Civil Action No. 4:25-4510, ECF 10 at n.2. The same is true of Plaintiff's Complaint in this case. *See* ECF 1.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). Here, the Court properly considers the attachments to Plaintiff's Complaint and all filings on the record in Civil Action No. 4:25-4510.

**B. Res Judicata**

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings." *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 335-36 (5th Cir. 2014) (citations omitted).

Under federal and Texas law, res judicata applies if: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters*, 428 F.3d at 571; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). A "transactional test" is used to determine whether a subsequent action involves the same claim or cause of action. Under this test, "[a] prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters*, 428 F.3d at 571; *see also Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

## III. Analysis

Plaintiff concedes that all of his claims based on conduct that occurred prior to September 22, 2025, the date he filed his prior Complaint, are barred by the res judicata effect of the final judgment in Civil Action No. 4:25-4510. ECF 16-2 at 1. Therefore, the Court recommends that Counts I-V and VII of the Complaint be DISMISSED WITH PREJUDICE.

Plaintiff argues that Count VI of his Complaint, his claim for failure to provide post-repossession notices in violation of Texas Business & Commerce Code § 9.611, is based on post-September 22, 2025 conduct and is not barred. *Id.* Count VI states that Defendant "failed to provide mandatory notices after repossession" and Defendant's "failure bars any deficiency claim and entitled Plaintiff to statutory damages." ECF 1 ¶¶38-39.

Section 9.611 of the Texas UCC requires "a secured party that disposes of collateral" to send the debtor "a reasonable authenticated notification of disposition." TEX. BUS. & COM. CODE § 9.611. Section 9.614 describes the information required to be included in the notification of disposition. TEX. BUS. & COM. CODE § 9.614. Count VI of Plaintiff's Complaint fails to state a plausible claim for relief because it does not allege that Defendant disposed of the collateral and does not identify any specific deficiency in the form or contents of any required notice. *See Fair v. Ally Fin. Inc.*, No. 3:25-CV-3121-D, 2026 WL 1284867, at *3

(N.D. Tex. May 11, 2026) (holding plaintiff "does not plausibly plead what 'consumer disclosures' were missing or how the Notice otherwise failed to satisfy the requirements of §§ 9.611 or 9.614. [Plaintiff's] conclusory allegations are insufficient to allege a plausible claim under Texas law."). Therefore, Defendant's Motion to Dismiss should be granted as to Count VI.

Plaintiff argues that he should be granted leave to amend. However, Plaintiff does not identify any factual allegations he could make to sure the deficiencies in his pleading of Count VI. Defendant represents that in fact it has not disposed of the collateral and remains in possession of the repossessed truck. ECF 17 at 3. Therefore, the Court finds that leave to amend would be futile and should be denied. *Yan v. Taylor*, No. 24-10288, 2024 WL 4579606, at *1 (5th Cir. Oct. 25, 2024) (holding "where amendment would be futile, there can be no abuse of discretion" in denying leave to amend).

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court recommends that Defendant's Motion to Dismiss be GRANTED in full and Plaintiff's claims be DISMISSED WITH PREJUDICE to refiling.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written

objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 23, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge